972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John H. CANTRELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3062.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 John H. Cantrell petitions for review of the August 23, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SL831E9110265, which became the final decision of the Merit Systems Protection Board (Board) under 5 CFR 1201.113 on September 27, 1991, affirming the reconsideration decision of the Office of Personnel Management (OPM) which disallowed as untimely Cantrell's application for a disability retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 Cantrell applied for a disability retirement annuity on May 15, 1990, more than two years after expiration of the one-year post-separation deadline. See 5 USC 8337(b) (1988).[1] Cantrell sought waiver of the deadline on the ground that he was mentally incompetent during the one-year period following his March 14, 1987 separation, and that his incompetence continued until approximately July 1989. Based upon the lack of supportive medical evidence presented, the AJ found that Cantrell had not shown himself to be mentally incompetent in the one-year period following his separation, and hence that he was not entitled to a waiver of the time limit for applying for a disability retirement annuity.
 
 
 3
 Cantrell essentially asks us to reevaluate the medical evidence de novo, a task which is not the proper function of an appellate court. Citing a letter from Dr. Horace Watson of Vanderbilt University Hospital and portions of the hospital's Discharge Summary, Cantrell contends that these documents clearly show that the Valium and other medications he took had a depressing and sedative effect, impairing his ability to think clearly. The AJ concluded, however, that Dr. Watson's opinion that medications for spasticity (such as Valium) can have a sedative effect is insufficient, without more, to establish mental incompetency. Under 5 USC 7703(c), we may not overturn the Board's decision, concluding that Cantrell had not carried his burden of establishing mental incompetency, unless we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. Having reviewed the entire record, we see no such error.
 
 
 
 [1]
 5 USC 8337(b) provides:
 A claim may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier. [Emphasis ours.]